## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara J. Webb

v.

Guy E. Webb, Jr.

October 5, 1995

Case No. HC-970-4

By Judge Randall G. Johnson

This divorce suit, in which a final decree was entered on April 26, 1994, is before the court on the husband's petition to require the wife to reimburse him for certain taxes paid by him. Two types of tax payments are involved. First, the husband seeks reimbursement for taxes he paid in connection with the wife's agreed-upon share of the husband's monthly pension benefits. Second, the husband claims that the wife should reimburse him for her share of a tax deficiency incurred jointly by the parties in 1992. The wife disputes both claims.

### I. *Pension Benefits*

The final decree incorporated the parties' April 15, 1994, separation agreement. Paragraph 10 of the agreement provides, in pertinent part:

> Husband is presently in pay status of his pension with AON Corporation. The parties agree that wife shall receive one-third (1/3) of the monthly benefits payable under that Plan commencing March 1, 1994. The parties agree that an appropriate Qualified Domestic Relations Order will be entered that will direct payment of wife's shares to her and which will also direct that wife will receive two-thirds (2/3) of the husband's monthly benefits payable under the Plan pursuant to the survivorship provisions of the Plan. *Until this Order effectuates these direct payments to the wife, husband shall pay to her one-third (1/3) of his monthly benefits commencing March 1, 1994.*

Emphasis added.

The husband claims that when the agreement was entered into, he and his wife anticipated only a short period of time before the Qualified Domestic Relations Order would be in place. Because of this and because the order would fix the parties' respective tax liabilities as to the pension payments, including state and federal tax withholding, the parties saw no need to include in the separation agreement any provision dealing with tax liability before the Qualified Domestic Relations Order took effect. What actually happened, however, is that AON Corporation, for reasons not known to the court, took an unusually long time to approve the order. In fact, it was not until February 21, 1995, after AON was formally joined as a third-party defendant in order to compel it to take some action on the Qualified Domestic Relations Order, that the wife began receiving payments under the husband's pension plan. Until then, the husband continued to make direct payments to the wife as required by their agreement. It is the husband's position that since payments received by the wife under the Qualified Domestic Relations Order are taxed to the wife and since that order should have taken effect long before it did, the wife has been unjustly enriched by receiving payments directly from the husband on which she was not taxed, such payments being one-third of his gross monthly benefits. The courts disagrees.

Unjust enrichment is a judicially-created rationale for implying a contract where no express contract exists. *Dade v. Anderson*, 247 Va. 3, 7, 439 S.E.2d 353 (1994). It does not apply where an express contract does exist. An express contract exists here. The fact that the parties underestimated the length of time it would take before the Qualified Domestic Relations Order took effect and consequently did not put in place an interim provision for taxes, does not invoke the doctrine of unjust enrichment. The parties could have very easily provided in their agreement that the wife would pay taxes on all pension payments received by her before the Qualified Domestic Relations Order took effect or that the husband would pay the wife one-third of his *net* monthly benefits. They did not. This court cannot redraft the agreement for them.

The husband also argues that the term "monthly benefits" in paragraph 10 of the agreement should be interpreted as meaning *net* monthly benefits. If *net* monthly benefits is what the parties intended, however, then *net* monthly benefits is what the parties should have said. By not using "net" or any other word to qualify what they meant by the term "monthly benefits," that term will be given its usual, everyday meaning: the entire

benefit. The husband's petition as it relates to taxes on payments made before the Qualified Domestic Relations Order took effect is denied.

## II. *1992 State Tax Deficiency*

The parties' separation agreement also fails to address their individual or joint tax liability for 1992, although there is a provision for 1993 taxes. Again, this court cannot redraft the agreement. As the wife argues, the parties' 1992 state tax liability is a matter between the parties and the Department of Taxation. The final decree of divorce having been entered more than twenty-one days ago, the court is without jurisdiction to act.